UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JASPREET SINGH,**

**Petitioner,**

**v.** **Case No. 26-CV-1441**

**WARDEN OF DODGE DETENTION FACILITY, et al.,**

**Respondents.**

**RULE 4 ORDER**

Jaspreet Singh, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) Singh has paid the $5 statutory filing fee. (*Id.*) Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

Singh is a citizen of India who entered the United States without inspection in December 2018. (Hab. Pet. ¶ 52.) The Department of Homeland Security ("DHS") initiated removal proceedings against him, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) Following removal proceedings, an Immigration Judge granted Singh voluntary departure on December 12, 2025. (*Id.* ¶ 53.) Rather than allowing Singh to depart the United States, DHS filed a Notice of Appeal with the Board of Immigration Appeals on

January 12, 2026. (*Id.*) This appeal remains pending. (*Id.*) Because DHS appealed the Immigration Judge's decision, Singh remains detained in immigration custody while the administrative appeal is pending. (*Id.*)

Singh asserts that his continued detention is an unlawful violation of due process and an incorrect interpretation of immigration law. (*Id.* ¶¶ 56–74.) Singh requests the Court order Respondents release him from custody on the same conditions he was subject to immediately prior to his detention or to provide him with a bond hearing within seven days. (Hab. Pet., Prayer for Relief, ¶ 6.)

As an initial matter, while Singh names multiple federal entities as respondents—DHS; Markwayne Mullins as DHS Secretary; and Todd Blanche as Acting Attorney General—none of these parties are proper respondents in this action. The proper respondent in a habeas action is the individual having custody of the person detained. *Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006). The Seventh Circuit has made clear that in the immigration context, the warden where the non-citizen is detained pending removal is the proper custodian for habeas purposes; not other federal actors. *Id.* at 953–54. While Singh does name the Warden as a respondent, the Warden is the *only* proper respondent in this case. The official ultimately in charge of the Dodge County Detention Facility is the Dodge County Sheriff, Dale J. Schmidt. *See Cisneros-Vera v. Schmidt, et al.*, No. 26-CV-1066, 2026 WL 1746764, at *1 n.1 (E.D. Wis. June 17, 2026). Thus, Schmidt is substituted for the "Warden" as respondent in this case and the remaining respondents are dismissed.

As to Singh's requested grounds for relief, the Supreme Court has recognized § 2241 petitions as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Singh alleges his

detention violates the Immigration and Nationality Act and the Fifth Amendment as he is being unlawfully detained. Singh requests immediate release or to be granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Based on his petition, I cannot conclude that Singh is plainly not entitled to relief. Under § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

28 U.S.C. § 2243. Furthermore, Singh's petition stems from the Board of Immigration Appeals' decision in *Matter of Hurtado*, 29 I. & N. Dec. 216, 2025 BIA LEXIS 44, 2025 LX 553980, which reversed the longstanding understanding that non-citizens residing in the United States were entitled to bond hearings under 8 U.S.C. § 1226. Singh, like many others currently coming before the courts on habeas review, has not been afforded a bond hearing. The circuit courts of appeals have split on the issue of whether petitioners such as Singh, who have been present in the United States for years, are entitled to the discretionary detention authority of 8 U.S.C. § 1226(a), or whether they fall under 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision, which applies to non-citizens "seeking admission" into the country.

The Seventh Circuit has, however, spoken on this issue. In *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), the court of appeals concluded that non-citizens present in the country without admission are not "seeking admission" under the statute and thus fall under § 1226, not § 1225(b)(2)(A), and are eligible for bond hearings subject to the Immigration and Nationality Act's other requirements. *Id.* at 915. In other words, to the extent Singh's continued detention is being justified by *Matter of Hurtado* and the decisions of the Fifth and

Eighth Circuits, the respondent is called upon to show why Singh's continued detention is justified in the face of the Seventh Circuit's decision in *Cirrus Rojas*. Accordingly, Respondent is ordered to respond to the petition and this Order by no later than **September 9, 2026**.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Scott Smith, Jail Administrator, Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that DHS, Markwayne Mullins, and Todd Blanche are **DISMISSED** as Respondents in this action. Dale J. Schmidt is substituted for Warden of Dodge Detention Facility.

**IT IS ALSO ORDERED** that Respondent shall respond to the petition no later than **September 9, 2026**. Petitioner may file a reply no later than five (5) days of receiving Respondent's response.

Dated at Milwaukee, Wisconsin this 3rd day of September, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge