**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JASPREET SINGH,**

**Petitioner,**

**v.**

**Case No. 26-CV-1441**

**DALE J. SCHMIDT,**

**Respondent.**

---

**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE**

---

Jaspreet Singh, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) Singh alleges that he has been detained since October 2025 and because he is properly categorized under 8 U.S.C. § 1226(a), rather than § 1225(b)(2)(A), his continued detention without an individualized bond hearing violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 1, 3–4, 6–8.)

In a Rule 4 Order dated September 3, 2026, I ordered the respondent to show cause why Singh's continued detention is justified in light of the Seventh Circuit's recent decision in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), where the court concluded that non-citizens present in the country without admission are not "seeking admission" under the statute and thus fall under § 1226, not § 1225(b)(2)(A), and are eligible for bond hearings subject to the Immigration and Nationality Act's other requirements. *Id.* at 915. (Docket # 2.) In his response, Respondent does not contend that Singh is not entitled to an individualized

bond hearing; rather, he argues Singh's petition is premature because Singh has yet to request such a bond hearing from the immigration court. (Docket # 7 at 4.) Respondent argues that Singh should be required to exhaust his administrative remedies before seeking relief in federal district court. (*Id.* at 4–6.)

Exhaustion of administrative remedies is not statutorily mandated in Singh's case. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). And where Congress has not clearly required exhaustion, whether to do so lies within "sound judicial discretion." *Id.* In exercising such discretion, the court must "balance the individual and institutional interests involved, taking into account the nature of the claim presented and the characteristics of the particular administrative procedure provided." *Id.* (internal quotation and citation omitted). While the court starts with the general rule that parties should exhaust prescribed administrative remedies before seeking relief from the federal courts, this rule "is not absolute." *Id.* The Seventh Circuit has found that individual interests demand that exhaustion be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (internal quotation and citation omitted). Courts throughout this circuit and within this district have divided on whether petitioners in Singh's position should be required to exhaust. In *Bolivar-Ascanio v. Schmidt*, No. 26-CV-1319, 2026 WL 2445486 (E.D. Wis. Aug. 20, 2026), the court held that requiring the petitioner to return to the immigration court to file for the same relief the district court could grant would cause unreasonable delay, especially in light of the fact the petitioner had been detained for approximately two months under circumstances that violate federal law. *Id.* at *6. Whereas in *Singh v. Schmidt*, No. 26-CV-1249,

2026 WL 2641784 (E.D. Wis. Sept. 8, 2026), the court concluded that because nothing in the *Cirrus Rojas* decision suggested that the immigration court's procedures concerning a detainee's request for bond were improper, the petitioner must "make use of the immigration court's regulations allowing him to request a bond hearing and exhaust his administrative remedies." *Id.* at *1.

In his petition, Singh argues that administrative exhaustion would be futile because of the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Hab. Pet. ¶ 60.) However, in light of the Seventh Circuit's recent binding decision in *Cirrus Rojas*, futility is no longer reasonable to presume. Singh further asserts that administrative exhaustion is futile because the agency lacks jurisdiction to review his Fifth Amendment claim. (*Id.* ¶ 61.) But the Seventh Circuit has held that a petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018. As one court in this circuit noted, if a petitioner pursues his administrative remedies and is granted bond, this outcome "could obviate the need to reach [a petitioner's] Due Process claim or, at a minimum, alter its factual basis." *Mbow v. English, et al.*, No. 26-CV-938, 2026 WL 2508218, at *3 (N.D. Ind. Aug. 25, 2026).

For these reasons, given the "general rule" that petitioners should first exhaust their administrative remedies and given Singh fails to put forth any individual interests demanding that exhaustion be excused, Singh's petition for writ of habeas corpus is denied. Singh is directed to move for a bond hearing in immigration court and exhaust his administrative remedies. Singh's petition is dismissed without prejudice.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that Singh's petition for writ of habeas corpus (Docket # 1) is **DENIED** and his habeas petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge